NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MARC HILAIRE JOSEPH, | : | **Hon. Dennis M. Cavanaugh** |
| Petitioner, | : | **OPINION** |
| v. | : | Civil Action No. 05-cv-5866 (DMC) |
| UNITED STATES ATTORNEY GENERAL, SECRETARY OF DEPARTMENT OF HOMELAND SECURITY, | : : : : | |
| Respondents. | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Petitioner Marc Hilaire Joseph's ("Petitioner") *in limine* motion to exclude reports offered by Respondents United States Attorney General and Secretary of the Department of Homeland Security ("Respondents") on hearsay, relevance, authenticity and best evidence grounds. Also before the Court is Petitioner's claim of derivative citizenship. This Court arrives at its decision after conducting an evidentiary hearing, reviewing all submissions presented at the hearing, including extensive documentation in support thereof, and reviewing the evidentiary hearing's transcript. After carefully reviewing the foregoing, and based upon the following, it is the finding of this Court that Petitioner's *in limine* motion is **granted**, but that Petitioner has failed to meet his burden of showing by preponderance of the evidence, that he is entitled to derivative citizenship. Petitioner's claim to derivative citizenship is **denied**.

I. **BACKGROUND**

Petitioner claims that he is a United States citizen through automatic derivative citizenship pursuant to §321(a) of The Immigration and Nationality Act, codified at 8 U.S.C. §1432(a). At the

crux of this case is the determination of which woman is Petitioner's mother, Rosemane Joseph Morales ("Rosemane"), or Zalita Clerge Joseph ("Zalita"). Petitioner claims that Rosemane is his mother and because she became a naturalized United States citizen in 1989 when Petitioner was residing with her, that he too became a United States citizen in 1989. Petitioner claims that Zalita is his maternal grandmother. Respondents argue that Petitioner's mother is Zalita, who never became a United States citizen, and that Rosemane is Petitioner's older sister, whose citizenship has no bearing on that of Petitioner. Respondents do not dispute that if Rosemane is found to be Petitioner's mother, then Petitioner is a United States citizen. Rosemane and Zalita are both deceased.

Petitioner moved from Haiti to The United States in 1986 to live with Rosemane. Rosemane was naturalized as a citizen in 1989 when Petitioner was 16 years old, and by virtue of this, Plaintiff claims he is entitled to derivative citizenship through their relationship. Petitioner was convicted of multiple felonies in 1995 and 1996, for which he was sentenced to five to fifteen years imprisonment, and he was remanded to state custody. In 1997, the Immigration and Naturalization Service ("INS") served Petitioner with an Order to Show Cause why he should not be deported, and at that hearing, Petitioner claimed that he was entitled to derivative citizenship and therefore, not deportable. Petitioner's claim of derivative citizenship was rejected and he was ordered deported to Haiti. In 2001, Petitioner was released from state custody and into INS custody awaiting deportation. In November 2001, the sitting Immigration Judge ("IJ") denied Petitioner's request to reopen his deportation proceedings, and the Board of Immigration Appeals ("BIA") affirmed the IJ's decision. On October 8, 2002, Petitioner filed a petition to review the BIA findings and argued that the Haitian law only recognized as legitimate those children who were born out of wedlock, but had been acknowledged by their natural father. Since Petitioner claims that he was never recognized by his natural father, as his mother was raped at age twelve and his father's identity unknown, he could not have been acknowledged by his father. After an appeal to the Third Circuit in 2002, INS and Petitioner agreed on the applicable statutory interpretation of Haitian law. On January 21, 2003, the

INS moved to have the case reopened and the case was remanded to the Immigration Court because of skepticism regarding Petitioner's birth records. On remand, the IJ ruled that Petitioner was deportable because Petitioner was not Rosemane's son, but her brother, and thus Petitioner was not entitled to derivative citizenship. The BIA affirmed that decision.

In 2005, Petitioner's final request for a stay of his deportation proceedings was denied and Petitioner was removed to Haiti on May 16, 2005. On August 29, 2005, the Third Circuit granted Petitioner's petition for review and transferred the case to this Court for a *de novo* hearing on Petitioner's derivative citizenship claim pursuant to 8 U.S.C. § 1252(b)(5)(B). "We conclude that the evidence adduced by Joseph in support of his claim of American citizenship creates genuine issues of fact that can only be resolved in a *de novo* hearing in District Court." Joseph v. Attorney General, 421 F.3d 224, 233 (3d Cir. 2005). Petitioner remains in Haiti.

### A. Petitioner's View

Petitioner urges this Court to declare that Rosemane is his mother, entitling him to derivative citizenship. Petitioner argues that Rosemane was raped by an unknown assailant when she was twelve years old and became pregnant and gave birth to Petitioner in 1973, at Denise Clerge's[1] ("Denise") home, in Aux Cayes, Haiti, and that there was no birth certificate issued at this time. Because of Rosemane's young age, and the shame surrounding her rape, Rosemane's parents, Zalita and Hermann Joseph, raised Petitioner as their own and Petitioner was told that he was their son until he went to live with Rosemane in the United States. In 1981, Rosemane immigrated to The United States and settled in New Jersey, leaving Petitioner in her parents' care. Rosemane married Angelo Morales ("Angelo"), a United States citizen in 1983 and in 1986, Petitioner came to The United States to live with Rosemane and was admitted as a lawful permanent resident after Rosemane's husband identified him as his stepson in a 1985 petition that INS approved. Rosemane was also

---

[1] There is no dispute that Denise Clerge is Zalita Clerge Joseph's sister. Petitioner claims that Denise is his great aunt, and Respondents claim that Denise is Petitioner's aunt.

3

admitted as a lawful permanent resident on March 23, 1985 via Angelo's spousal petition.

Petitioner alleges that soon after Petitioner arrived in The United States, Rosemane told him that he was Rosemane's biological son and that he was conceived as a result of rape. Petitioner resided with Rosemane and Angelo for the next several years. In Rosemane's petition for naturalization, she identified Petitioner as her son and stated that he resided with her. On November 29, 1989, Rosemane was naturalized as a United States citizen when Petitioner was sixteen. Petitioner argues that as a result of Rosemane's naturalization, he derived United States citizenship pursuant to §321 of the Immigration and Nationality Act, codified at 8 U.S.C. §1432(a).

**B.    Respondents' View**

Respondents essentially dispute Petitioner's claim that he is entitled to United States citizenship because Respondents urge that the record and evidence in support of their position undermine Petitioner's claim that Rosemane is his mother. Respondents propose that Zalita is Petitioner's mother. Respondents argue that Petitioner has not met his burden of proving his claim of derivative citizenship. Respondents cite to several official documents that they claim undermine Petitioner's claim that Rosemane is his mother, because in these documents, Petitioner is named as Zalita's son, and Rosemane states that she has no children. Respondents urge that since these official documents were submitted prior to Angelo filing the petition to have Petitioner admitted to the United States on an immigrant visa with the representation that Rosemane is his mother, that the motive to falsely claim that Petitioner is Rosemane's son had not arisen at the time the other documents were submitted. Further, Respondents submit that since Petitioner has produced at least two questionable birth certificates, that his credibility is undermined in establishing his entitlement to derivative citizenship. Hermann is listed as Petitioner's father and Rosemane is listed as his mother on one of the birth certificates. Petitioner admits that naming Hermann as his father was to expedite the procurement of a birth certificate, and Respondents argue that this admission shows the length that Petitioner and his family are willing to go to in order to secure his derivative citizenship.

Respondents also argue that all of the witnesses called upon to testify on Petitioner's behalf are interested in the outcome of this case, thereby undermining their credibility due to their bias.

## II. STANDARD OF REVIEW

The requirements for obtaining derivative United States citizenship are found in §321(a) of the INA, codified at 8 U.S.C. §1432(a), which provides in part:

> A child born outside of The United States of alien parents...becomes a citizen of The United States upon fulfillment of the following conditions:
>
> ...(3) The naturalization of the parent having legal custody of the child when there has been a legal separation of the parents or a naturalization of the mother if the child was born out of wedlock and the paternity of the child has not been established by legitimation; and if
>
> (4) Such naturalization takes place while such child is under the age of eighteen years; and
>
> (5) Such child is residing in The United States pursuant to a lawful admission for permanent residence at the time of the naturalization of the parent...naturalized under clause...(3) of this subsection...

A child's obtaining citizenship occurs by operation of law; there is no application filed, no hearing conducted and no certificate issued when such citizenship is acquired. See Charles v. Reno, 117 F. Supp. 2d 412, 416 (D.N.J. 2000), In re Fuentes-Martinez, 21 I&N Dec. 893, 896 (BIA 1997). Further, Petitioner has the burden of proving his derivative citizenship claim, as The Supreme Court noted:

> When the government seeks to strip a person of citizenship already acquired, or deport a resident alien and send him from our shores, it carries the heavy burden of proving its case by 'clear, unequivocal, and convincing evidence.' But when an alien seeks to obtain the privileges and benefits of citizenship, the shoe is on the other foot. He is the moving party, affirmatively asking the government to endow him with all the advantages of citizenship. Because that status, once granted, cannot lightly be taken away, the government has a strong and legitimate interest in ensuring that only qualified persons are granted citizenship. For these reasons, it has been universally accepted that the burden is on the alien applicant to show his eligibility for citizenship in every respect. This Court has often stated that doubts 'should be resolved in favor of The United States and against the claimant.'

Berenyi v.District Director, I.N.S., 385 U.S. 630, 636-37 (1967). In order to establish that he is Rosemane's biological son and therefore a United States citizen, Petitioner must do so by preponderance of the evidence according to §321(a) of the INA.

### III.   DISCUSSION

#### A.   *In Limine* Motion

In addition to all other evidence submitted by the parties, presently before the Court is Petitioner's motion *in limine* to exclude reports by a Government investigator, Lucienne Brutus ("Brutus documents"), and by extension, the Brutus declaration, which Petitioner argues are inadmissible on relevance, hearsay, authenticity and best evidence grounds.

Brutus was an investigator employed by the United States Embassy in Haiti and her reports were conducted at the request of the U.S. Government for the purpose of uncovering historic information in Haiti relating to Petitioner's birth. The Brutus documents include a May 8, 2003 facsimile, a September 22, 2003 Memorandum and a September 29, 2003 Memorandum. The May 8, 2003 fax is addressed to Todd Witten, Esq, and states in bold that "On July 5, 1973, at 11:15, Janita Clerge gave birth to a baby at General Hospital." The September 22, 2003 Memo describes the contents of the hospital's records and recounts statements made by hospital personnel and Brutus' conversation with the doctor whose signature appears on the birth certificate submitted by Petitioner. The September 29, 2003 Memo recounts Brutus' conversations with employees in the hospital's archives department who appear to have determined that the subject birth certificate provided by Petitioner is not authentic.

Petitioner argues that Respondents have not shown that the proffered evidence is relevant, in that they cannot show that the evidence has any tendency to make the existence of any fact more probable or less probable than it would be without the evidence. See Fed.R.Civ.P. 401. Further, Petitioner argues that the Brutus documents should not be admitted on hearsay, due process,

authenticity and best evidence grounds.

This Court allowed the Brutus documents to be presented at the evidentiary hearing, but noted that same would not necessarily be admitted as evidence. After hearing comments on the Brutus documents and reviewing same, this Court ruled at the evidentiary hearing that it would not consider them because this Court deemed them irrelevant. Therefore, Petitioner's *in limine* motion to exclude the Brutus documents is **granted**.

**B.    Derivative Citizenship Claim**

As noted above, the Third Circuit mandated that Petitioner's derivative citizenship claim be heard at the District Court level *de novo*. After reviewing the submissions and exhibits of the parties, this Court finds that Petitioner has failed to prove, by preponderance of the evidence, that he is entitled to derivative citizenship. As The Supreme Court noted in Berenyi, 385 U.S. 636-37, doubts regarding entitlement to derivative citizenship should be resolved in favor of The United States and against the claimant. 385 U.S. 636-37.

While Petitioner is correct in asserting that there has been a consistent story presented to the Courts by him and his available family that Rosemane was raped at age twelve, became pregnant as a result of this rape and had her parents raise her child in order to shield the family from shame of the rape, Petitioner has not proved by a preponderance of the evidence presented that Rosemane is his natural mother. This Court recognizes that there is a cultural divide between The United States and Haiti and that some of the justifications used by Petitioner to explain why there are discrepancies in his claim that he is Rosemane's son would not exist in The United States.

This Court finds, however, that Petitioner has still not met his burden under the applicable standard of review because the evidence presented leaves too much doubt for this Court to declare that Petitioner is Rosemane's son. Specifically, Denise Clerge testified that she asked no questions regarding how Rosemane allegedly became pregnant when Rosemane went to live with her while

7

she was pregnant; this Court finds it curious that no questions were asked. Further, Petitioner's family has shown their willingness to lie in order to expedite Petitioner being admitted into the United States. A birth certificate submitted to Immigration Authorities in 1985 named Hermann Joseph as Petitioner's father. Later, Petitioner stated that this was in order to expedite the process of obtaining a birth certificate so that Petitioner could obtain an immigrant visa. This submission says one of two things: either Hermann Joseph is Petitioner's father, and by association, Zalita is Petitioner's mother, or Petitioner's family is willing to lie to The United States government to have Petitioner admitted into the United States. For these reasons, as well as those stated above, Petitioner's claim of derivative citizenship is **denied**.

### IV. CONCLUSION

For the reasons stated in this Opinion, Petitioner's motion *in limine* to exclude the Brutus documents is **granted** and Petitioner's claim to derivative citizenship is **denied**. An appropriate Order accompanies this Opinion.

Dennis M. Cavanaugh, U.S.D.J.

Date: July 28, 2008
Orig: Clerk's Office
cc: Counsel of Record
The Honorable Mark Falk, U.S.M.J.
File

8